[PHILADELPHIA, FEBRUARY 2, 1832.]

SHRONK Executor of SHRONK *against* the SUPERVISORS of the Public Roads and Highways of the unincorporated part of Penn Township.

### IN ERROR.

The fourth section of the act of 6th April, 1802, prescribing the mode of proceeding against delinquent supervisors of public roads and highways, does not extend to the executors of such delinquents.

Although a township is not strictly a corporation, it is *quasi* a corporation, and as such may maintain a suit.

ERROR to the District Court for the city and county of *Philadelphia.*

The defendants in error, who were plaintiffs below, brought this action on the case against *George Shronk,* executor of *Godfrey Shronk* deceased, in which they filed a declaration containing three counts.

The *first* count was for money had and received by the testator to the use of the plaintiffs below.

The *second* count was upon an account stated between the plaintiffs below and the defendant as executor of *Godfrey Shronk,* concerning divers sums of money due and owing by the said *Godfrey Shronk* in his lifetime to the plaintiffs below, upon which account the said *Godfrey Shronk* was found to have been in arrear to the plaintiffs below in the sum of four hundred and ninety-eight dollars, and seventy-three cents, which the defendant below as executor promised to pay.

The *third* count was as follows, *viz*:—" And whereas the said *Godfrey Shronk* since deceased in his lifetime heretofore, to wit, from the fourteenth day of *April* in the year of our Lord one thousand eight hundred and twenty-three, to the first day of *November* in the year of our Lord one thousand eight hundred and twenty-seven, was the supervisor of the public roads and highways of the unincorporated part of Penn Township in the county aforesaid, and had as such received divers large sums of money, to wit, the sum of six hundred dollars of like lawful money which he the said *Godfrey Shronk* should have appropriated and expended for and towards the defraying of the expenses incident to the keeping the said public roads and highways in repair: and whereas also afterwards, to wit, on the fourteenth day of *March* in the year of our Lord one thousand eight hundred and twenty-eight, at an election for choosing a supervisor for the said unincorporated part of the said township, four capable

and discreet freeholders or inhabitants were elected, to wit, *John F. Warner, George Esher, Robert Watkins* and *Joseph R. Hopkins,* whose duty it was to settle and adjust the accounts of the said *Godfrey Shronk* deceased, he in his lifetime, to wit, during a part of the preceding year, having served in the office of supervisor of the public roads and highways of the unincorporated part of the said township, and the said *George Shronk* as executor as aforesaid having produced the accounts of the said *Godfrey Shronk* for all sums of money by him expended on the highways and of all sums of money by him received, the said freeholders or inhabitants so chosen *to settle* the accounts aforesaid, did adjust and settle such accounts so produced to them as aforesaid and allowed such charges as they thought reasonable, when there appeared to be due from and remaining in the hands of the said *George Shronk* as executor as aforesaid the sum of four hundred and ninety-eight dollars, and seventy-three cents, for which sum they, the said freeholders, gave their order in writing signed by them, and directed the same to be paid to *Samuel Deal,* the succeeding supervisor of the said unincorporated part of the said township, according to the act of assembly in such case made and provided, and the said *George Shronk* as executor as aforesaid in consideration thereof afterwards, to wit, on the first day of *June* in the year of our Lord one thousand eight hundred and twenty-eight, at the county aforesaid undertook and then and there faithfully promised the said plaintiff, that he, the said *George Shronk* as executor as aforesaid, would well and truly pay and satisfy the said plaintiff the said sum of four hundred and ninety-eight dollars, and seventy-three cents, lawful money as aforesaid, when he should be thereunto afterwards required, yet," &c.

The defendant pleaded *non assumpsit,* payment and set-off; *non assumpsit,* payment and set-off by the testator; no assets and *plene administravit,* with leave to add, alter and amend.

The jury found a verdict in favour of the plaintiffs for five hundred and forty-three dollars, and forty-nine cents, upon which, after motions for a new trial and in arrest of judgment had been overruled by the court below, judgment was entered.

The defendant removed the cause by writ of error to this court, where the following errors were assigned :—

" *First.* The township is unincorporated, and has no right to sue, nor can it be sued, nor had the supervisors thereof any authority to bring this action.

" *Second.* The declaration is informal and insufficient in this, *viz.*

" 1. The first count avers, that the testator in his lifetime was indebted to the plaintiffs for money received by him for the use of the plaintiffs: whereas the money received by the testator was to his own use and not to the use of the supervisors who brought this suit; the supervisors last mentioned having no existence until after the death of the testator, as appears by the third and last count in the *narr.*

(Shronk *v.* The Supervisors of Penn Township.)

" 2. The second count avers, that the executor accounted with the defendants in error about money due from the testator to the said defendants in error in his, the testator's lifetime; whereas the testator could not have owed those who had no existence until after his death.

" 3. The third count avers, that upon the settlement therein mentioned, a balance of four hundred and ninety-eight dollars, and seventy-three cents was found in the hands of the executor, whereas the balance, if any, was against the testator and not his executor.

" 4. The *narr.* contains no averment, that the testator ever assumed or promised to pay any one, or that in consequence of any matter declared upon the testator ever became liable to pay any sum of money to any one, or that in pursuance thereof a right accrued to any one to have or maintain any action against the testator or his executor.

" 5. The only claim laid in the declaration against the testator is in his capacity of supervisor, whereas the action is brought against or names him in his individual capacity only.

" *Third.* The last count in the *narr.* exhibits the whole claim of the defendants in error, embracing in a settlement therein mentioned, amounts, over which the settlers had no control.

" *Fourth.* The settlers had no authority to settle the accounts of a deceased supervisor.

" *Fifth.* The declaration avers, that the executor promised to pay *Samuel Deal* on an order in his favour on the said executor by the said settlers. The settlers had no authority to give this order. *Deal* was not plaintiff, and no recovery could be legally enforced on a promise to one not plaintiff to the action.

" *Sixth.* The claim set forth in the *narr.* cannot be recovered in an action of *assumpsit.* The only remedy being that prescribed by the act of assembly of the 6th of *April,* 1802."

After argument by *Brewster* for the plaintiff in error, and *K. Smith* and *J. R. Ingersoll,* contra, the opinion of the court was delivered by

Rogers, J.—The plaintiff in error has filed several exceptions, two of which only will it be material to notice. I shall content myself with dismissing the others with the remark, that they have not been sustained. I refer to the first error, and to the exception to the third count of the plaintiff's declaration, which involves the question, whether the executors come within the purview of the fourth section of the act of the 6th *April,* 1802. That section gives a summary remedy against delinquent supervisors, *eo nomine,* but says nothing about executors, who are left as at common law. The act provides for the election of four freeholders, whose duty it is to settle and adjust the accounts of the supervisor, whose term of office is about to expire. It also directs the supervisors on the 25th *March* yearly, or within ten days thereafter, to produce fair and clear accounts of all the sums of money, which have been by him expended

(Shronk *v.* The Supervisors of Penn Township.)

on the highways, &c. which accounts shall be entered in a book provided for that purpose, and if required, attested by oath or affirmation. In this part of the section the legislature have clearly a view to the supervisor himself. They prescribe duties, of which he alone would be properly cognizant, and which it would be unreasonable to require of an executor; but the remedy which is given to the township against the supervisor cannot be made by any fair mode of interpretation to apply to executors, and might, if enforced against them, interfere with the distribution of the assets among creditors. If the supervisor shall refuse or neglect to make up and produce clear and just accounts, or having made up and produced such accounts, shall neglect or refuse forthwith to pay the moneys, which he shall have been ordered to pay by the freeholders, or to give up the books, &c. it shall be the duty of any justice of the peace, on complaint made to him, &c. to commit such delinquent to the county gaol, until he shall comply, or be otherwise discharged. We must take the whole section together, and it is difficult to believe, that a remedy so summary and penal, without appeal, can apply to any person but the delinquent supervisor himself. If the representatives of the delinquent were to be amenable to the jurisdiction of the freeholders, the legislature would have taken care to have said so, in clear and explicit terms. In the absence of any thing of the kind in a section, which throughout speaks of the delinquent supervisors alone, we cannot attribute to them any such intention. Here the freeholders summoned the executor to appear, and the object of the suit, as stated in the third count, is to compel payment of the amount of the audit. It matters not that the executor appeared before the freeholders without objection. Consent cannot give jurisdiction.

The plaintiff in error also alleges, that the defendant in error had no legal authority to bring this action. The township is unincorporated, and has no right to sue, nor can it be sued, nor had the supervisor any authority to bring this action. This is not the first time the right of a township to sue has been questioned, as appears from the case of *Willard* v. *Parker*, 1 *Rawle*, 450. We then thought as we now do, that although a township is not strictly a corporation, yet it is *quasi* a corporation, and as such may maintain suit. The same principle has been extended to counties in recent decisions.

Judgment reversed, and a *venire de novo* awarded.