# Sedgebeer *v.* Moore et al.

[NOVEMBER 30, 1850.]

In an action to recover damages for a *tort*, the defendant may be held to bail notwithstanding the act of 1842, to abolish imprisonment for debt.

Although, where the plaintiff has an election to bring his action either in contract or *ex delicto*, he cannot, by such election, deprive the defendant of any substantial privilege or defence; yet this rule does not apply where the action is to recover damages for a *tort*, distinct and independent of the contract.

Therefore, a defendant may be held to bail in an action of deceit.

*Quere*, whether, under the act of 1842, even in cases of contract, the court has not a discretion to hold to bail on proper cause being shown; as that the defendant is about to abandon the country without leaving property to meet the debt.

The court will not discharge on common bail for a mere interlineation in the affidavit.

[ Sedgebeer *v.* Moore.]

THIS was an action on the case. On the application of the plaintiff, the defendant, Theodore M. Moore, was held to bail in four thousand dollars.

The affidavit to hold to bail alleged, in substance, that the defendant, Theodore M. Moore, being indebted to the plaintiff in the sum of $8,365,18, fraudulently induced him to agree to a compromise of his claim, by waiving the sum of $3,365,18, surrendering the evidences of the former debt, and releasing him from all other liability, on the latter confessing a judgment for $5,000, to be paid in quarterly instalments of $250, which judgment was accordingly confessed; that it was expressly agreed between the parties, that payment in cash was to be the basis of the compromise, which, without this, would not have been agreed to; that the said Theodore M. Moore, afterwards alleging his inability to pay cash, with an intent to cheat and defraud the plaintiff, represented to him that if he would receive from him, in lieu of cash, a draft on Cadwallader C. Moore, residing in Cincinnati, it would be paid at maturity, knowing this not to be true, and that the said Cadwallader C. Moore was not to be trusted; that the plaintiff accordingly received as cash for one instalment on the judgment, such a draft, accepted by C. C. Moore, for $250, and that this draft was protested at maturity for non-payment. The affidavit also alleged that the defendant, Theodore M. Moore, was only a sojourner in Pennsylvania, and was about to remove out of the jurisdiction of this court.

The defendant now asked to be discharged on common bail, on the ground that the act of 1842, abolishing imprisonment for debt, had taken away the right to a *capias* in such case, and also that the affidavit contained an interlineation. He likewise filed counter affidavits, but the court declined to hear them.

*E. S. Miller* and *T. Sergeant* for the motion.
*B. Rush* and *D. P. Brown*, contra.

[ Sedgebeer *v.* Moore. ]

ROGERS, J.—On the application of the now plaintiff, and affidavit filed, a special order was made to hold the defendant to bail in the sum of four thousand dollars. The point now in controversy arises on a rule to show cause, *non obstante* the order, why Theodore M. Moore, who was arrested, should not be discharged on common bail.

If this was an action to recover money due upon a judgment, or decree founded upon a contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract, a serious question might arise, whether bail, in any event, or under any combination of circumstances, could be exacted from the defendant. It is represented to be the understanding of the profession, in this section of the state, that it'cannot; but, although their opinion is undoubtedly entitled to great respect, yet I know of no case where the fact has been judicially determined. It may, though, be considered, when a proper case arises, as a question open to discussion. Previous to the passage of the act of the 12th July, 1842, (the language of which is cited above) to abolish imprisonment for debt and to punish fraudulent debtors, bail, as a matter of course, was required in all cases of contract, or others brought for the recovery of debts. This was the general rule; but it may, perhaps, admit of doubt (giving the act a reasonable construction, which we are bound to do) whether the legislature intended any thing more than to abolish the rule in the first instance, as to residents, afterwards extended by resolution to non-residents, leaving it, however, to the discretion of the courts, on cause shown, to allow a *capias* and hold the defendant to bail, as in case of *tort*, when it manifestly appears that such process is necessary to enable him to reap the fruits of any judgment which he may afterwards obtain. Is the rule general, or is it universal, embracing all possible cases in the point of difference? It is not my purpose to deny that to justify the interposition of the courts, a strong case must be pre-

[Sedgebeer *v.* Moore.]

sented, but I am unwilling to admit that the words of the act require so stringent a construction as to compel the court to permit flagrant injustice. Were this only a case of contract, and it should satisfactorily appear that the defendant was about to abandon his country without leaving property to meet the debt, I should hesitate long before I would undertake to discharge him on common bail, thereby endangering, or perhaps destroying all means of recovering a just debt; enabling a dishonest debtor to elude the just claims of his creditors.

But, be this as it may, this is not a case of that description. The suit is not brought on a contract, but for a fraud committed by the defendants, for which, as is contended, the proper remedy is an action of deceit. It is, therefore, not included in the act of the 12th July, 1842, which merely abolishes imprisonment in actions on contracts, leaving *torts* in the same situation as to the remedies, as before the passage of the act. If considered as a *tort*, it cannot be doubted the plaintiff is entitled to bail on the special cause shown, as in this case, where there is reasonable ground to believe that the defendant is about to withdraw himself beyond the jurisdiction of the court. On this head the affidavit is full and explicit. The plaintiff deposes, that the defendant who has been arrested is a mere sojourner in this state, without any fixed occupation or permanent abode, and that there is every reason to believe, and that he does believe, that unless he is held to bail, he will place himself beyond the jurisdiction of the court, and thereby escape the responsibility of this action. If these facts be true, (and I must take them to be so, as I cannot look beyond the affidavit itself,) bail is necessary to protect the honest claims of the plaintiff. It is, however, urged, that this suit is, in substance, but another mode of enforcing the performance of a contract, and that the election of the plaintiff in cases of this character, to proceed in an action in form *ex delicto*, cannot deprive the defend-

[Sedgebeer *v.* Moore.]

ants of any substantial privileges on the defence; that the mere form of the remedy cannot alter the right. For this position the defendant cites *Penrose* v. *Curren*, 3 R. 350; *Brown* v. *Treat and Carter*, 1 Hill 225; and *Bowen* v. *Burdick*, 5 Penn. Law Journ. 114. The principle on which these cases are ruled, it is not my purpose to controvert. I agree that when the suit is on the contract, or recognises its validity, the mere form of the action will not be allowed to govern the right; but I deny the application of the principle to the case in hand. This is not the case of a difference in the form of action, but suit is brought to recover damages for a *tort*, distinct and independent of the contract. The plaintiff repudiates the agreement, alleging that it is no contract at all, because he was induced to enter into it by such fraudulent practices as entitled him to hold the defendant accountable in an action of deceit.

When a person is induced by fraud to enter into an agreement, the party defrauded may either repudiate the contract by action sounding in *tort*, or he may, if he chooses, make it valid by commencing suit upon it. If he adopt the latter course, as he may, the defendant cannot be held to bail, unless, as before observed, under peculiar circumstances; but where he pursues the remedy in *tort*, I cannot perceive any objection, in a proper case, to hold him to bail. This action is totally distinct and independent of the contract. The bargain is disregarded by the party wronged. He goes for the fraud, and what right has the fraudulent party to call to his aid the repudiated contract to enable him to escape arrest, and thereby consummate his own fraud? A., by force, takes the horse of B., which he sells to C., and receives the purchase money. B. has the right to sue A., the wrong-doer, either in trespass or for money had and received. He may elect either trespass or case. If he elects the former, he may hold A. to bail; if the latter, he cannot hold him to bail. This will be conceded; and therefore it is clear that whether A. is

o

[ Sedgebeer *v.* Moore.]

entitled to be discharged on common bail may depend on the form of the action the plaintiff chooses to adopt. If he elects to sue for the *tort*, in a proper case, as this is. shown to be, the defendant may be held to bail. In this stage of the proceeding, on a motion to discharge the defendant from arrest, it is not my intention to enter into the merits of the case, nor shall I permit the facts disclosed in the counter affidavit to have the slightest influence. Whether an action of deceit is the proper remedy, it would be wrong now to determine; because, if the decision should be erroneous, an injury may be committed without the possibility of redress; whereas error on the trial may be corrected by a higher tribunal. If there be error, let it be one that may be redressed. That the affidavit is interlined, is an objection not worthy of serious notice.

The motion to discharge on common bail is overruled.*

---

* The New York act to abolish imprisonment for debt does not apply to suits founded in *tort*, though a contract between the parties is alleged by way of inducement. *M'Duffie* v. *Beddoe*, 7 Hill 578. Therefore, where there has been a wrongful conversion of goods, the defendant may be held to bail, in whatever way the property came into his possession. *Suydam* v. *Smith*, 7 Hill 182. The case in the text appears to conflict, in some degree, with *Bowen* v. *Burdick*, 5 Penn. L. J. 113, decided by the district court for the city and county of Philadelphia; but the rule to be deduced from all the cases appears to be this; that where the plaintiff has his election to bring his action either *ex contractu* or *ex delicto*, as in case of a common carrier or other bailee, there the defendant shall not be subjected to imprisonment in consequence of the mere change in the form of action. But where the action is for a distinct *tort*, although one deducible from the existence of a contract, if the plaintiff disaffirms the contract and proceeds for the fraudulent or tortious conduct of the defendant, in such cases bail may be demanded in the first instance. *Tryon* v. *Hassinger*, 2 Penn. L. J. 43.

It has been determined by the United States district court for the southern district of New York, that the non-imprisonment act of that state, in connexion with the acts of congress of the 28th of February, 1839, and 14th of May, 1841, (4 Laws U. S. 321, 410,) does not extend to process issued by the admiralty courts. *Gardner* v. *Isaacson, Gaines* v. *Travis*, 3 Am. L. J. 193, 199.