## Seal on Township Bonds.

*Townships—Issue of bonds—Seal—Legality of issue.*

1. Townships are quasi-municipal corporations, and as such must act in a corporate way.

2. Bonds issued by township supervisors must be under the seal of the township.

3. Where a department of the State has agreed to purchase township bonds as an investment for funds in its hands, and has notice that the seal of the township had not been affixed to the bonds, it should require the seal to be affixed before accepting the bonds.

Attorney-General's Department. Opinion to H. H. Baish, Secretary to the State Retirement Board.

BROWN, Dep. Att'y-Gen., Dec. 5, 1922.—Your letter of Nov. 23rd, relative to the purchase of $15,000 of Pike Township, Clearfield County, Pennsylvania, road bonds, the said bonds having no seal attached to them, has been received. Townships, while not strictly corporations, are quasi-corporations. The statutes confer upon them all the powers they possess, prescribe all the duties, and impose all liabilities to which they are subject; being such quasi-municipal corporations, they must act in a corporate way: Shronk *v.* Penn Township, 3 Rawle, 347; Union Township *v.* Gibboney, 94 Pa. 534.

One of the powers of the township supervisors, under the acts of assembly, is to issue interest-bearing bonds, but this must be done by the supervisors in their official capacity, and all requirements must be complied with in order to make their act legal and binding. Is, therefore, an issue of bonds by township supervisors without the seal of the township attached to the bonds a legal issue?

"Its (the seal) adoption and use by corporations, however, arose out of their nature and constitution being invisible, intangible bodies composed of an aggregation of individuals, who must speak, at least in weighty matters, through a common seal. It was accordingly held that the affixing of the seal, and that alone, united the several assents of the individuals who composed the corporation and gave expression to the act as the assent of the whole, and that a corporation could enter into no contract of importance except under seal:" Garrett *v.* Belmont Land Co., 29 S. W. Repr. 726.

"One of the incidents of a corporation which are tacitly annexed at the time of its creation is to have and use a seal:" 7 Am. & Eng. Ency. of Law, 690.

"The term bond, 'bond' *ex vi termini*, imports a sealed instrument, and as a general rule, independent of any statute providing otherwise, sealing is necessary to constitute a perfect bond:" 5 Cyc. of Law and Procedure, 736.

2 Dillon on Municipal Corporations (5th ed.), § 889, page 1375, states: "The word 'bond' imports a seal, and the word, when used in a statute authorizing the issue by a municipal corporation of written obligations negotiable in character, means specialties or writings under seal. But the absence of a seal will not affect the validity of the instruments if they were intended by the officers to be bonds and the statute so denominates the securities to be issued."

In support of this the author cites Rondot *v.* Rogers Township, 99 Fed. Repr. 202; Draper *v.* Town of Springport, 104 U. S. 501, and Bernards Township *v.* Stebbins, 109 U. S. 341. All these cases, however, are where bonds, or the coupons from them, have come into the possession of innocent holders and the corporation issuing said bonds has resisted payment, and, consequently, suit has been brought to enforce the obligations.

Seal on Township Bonds.

These cases present a state of facts entirely different from buying bonds without a seal, knowing at the time of buying that the seal was not affixed. The seal is that which makes an instrument a deed or specialty and gives the authority to those signing, and it is by the use of the seal that artificial bodies speak and evidence their acts.

In view of the fact that the State School Employees Retirement Board has only agreed to purchase bonds and is informed that the seal of the township has not been affixed to the bonds, I am of the opinion that the Supervisors of Pike Township should be required to procure a seal and with it seal the bonds in order that no question can be raised as to their legality. This would be a simple and inexpensive matter to attend to.

From Guy H. Davies, Harrisburg, Pa.